IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WILLIAM SCOTT SOURS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-cv-05075-DGK |
| | ) |
| CHAD KARR, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART MOTION TO COMPEL

This matter arises out of a May 19, 2014, traffic stop and the subsequent search of Plaintiff's vehicle by Defendants, who are police officers and detectives. Pending before the Court is Plaintiff's Motion to Compel (Doc. 64). Defendants object to Plaintiff's Requests for Production 1, 5, 6, 8, 9, 10, and Requests for Interrogatories 1(a)-(d), 2, and 6. The Court rules on these as follows:

**I.     Plaintiff's motion to compel responses to Requests for Production 1, 5, 6, 8, 9, and 10 is granted in part.**

Requests 1 and 8 involve electronically-stored documents. Request 1 seeks "[a]ny and all documents from any electronic storage media computer used by or accessible to the following individuals, and contain reference to the Plaintiff: Chad Karr, Darren McIntosh, Tommy Kitch, Jeremy Bland. The scope of this request is January 1, 2014, to present, or whatever period of time the electronic storage media will allow." (Doc. 58-1 at 3). Request 8 seeks "[a]ny and all documents from electronic storage media used by or accessible to [Defendants], which contain any of the following search terms: stolen property, search drugs, warrants, stop, 1212 Rex. The scope of this request is limited to January 1, 2014 to present, or to that period which the electronic storage media will allow." (Doc. 58-1 at 6).

Defendants object to these requests as overbroad. The Court agrees. Defendants assert they have provided all emails related to either Plaintiff or the May 19, 2014, traffic stop, *see* RFP 2, 7 (Doc. 58-1 at 4); Pl.'s Br. in Opp. at 1 ¶ 3 (Doc. 66), and much of the information returned in the requested search would be unrelated to Plaintiff's case. Plaintiff's motion to compel this discovery is denied.

Requests 5, 9, and 10 seek Defendants' employment records, including any complaints of misconduct. Defendants object to these requests because they are overbroad and seek confidential employment information. Given the personal and sensitive nature of personnel files, the Court denies Plaintiff's motion to compel this discovery.

Finally, Request 6 seeks documents "provided to or circulated amongst police agencies for their preparation, use or reference during the stop, arrest and imprisonment of Plaintiff on May 19, 2014. This would include, but not be limited to, minutes of meetings, agendas, reports, accoutings, spreadsheets, powerpoint slides, or other documents." (Doc. 58-1 at 5).

Defendants object to this request, but do not explain their objection in their briefing. Because this information is potentially relevant, the Court grants Plaintiff's request in part. Defendants shall provide Plaintiff with any written department policies in effect on May 19, 2014, including manuals and handouts distributed at policy-related meetings that took place between March 19, 2014, and July 19, 2014.

## II. Plaintiff's motion to compel responses to Interrogatories 1(a)-(d), 2, and 6 is denied.

Next, Plaintiff moves to compel Defendants to provide responses to Interrogatories 1(a)-(d), 2, and 6. Defendants object to these requests because they are overbroad and seek confidential information.

Interrogatories 1(a)-(d) seek Defendant Jeremy Bland's personal information, including his social security number, the names and birthdates of his family, his address, and his schooling (Doc. 64-1 at 6-7). Interrogatory 2 seeks Defendant Bland's employment records (*Id.* at 8-9). Interrogatory 6 seeks the "URL of any website(s) owned, maintained, established by, or in any way related to [Defendant Bland]." (*Id.* at 11).

These interrogatories seek information that is either confidential or irrelevant. Plaintiff's motion to compel Defendant Bland to provide this information is denied.

**Conclusion**

Plaintiff's Motion to Compel (Doc. 64) is GRANTED IN PART. In response to Request for Production 6, Defendants shall provide Plaintiff with any written department policies in effect on May 19, 2014, including manuals and handouts distributed at meetings related to department policy between March 19, 2014, and July 19, 2014. In all other respects, Plaintiff's motion is denied. Plaintiff's Motion for Hearing (Doc. 57) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: <u>September 20, 2017</u>　　　　　　　　　/s/Greg Kays
　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT